UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDI ALI ABUKAR,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

Case No. C11-1708-MJP-BAT

**REPORT AND RECOMMENDATION**

In the service order, the Court invited defendant United States to file a dispositive motion because the complaint's allegations suggested there may be no federal subject matter jurisdiction over *pro se* plaintiff Abdi Ali Abukar's complaint brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671–2680 ("FTCA"). (Dkt. 10.) The government has now filed an unopposed Federal Rule 12(b)(6) motion to dismiss because Mr. Abukar was not in federal custody during the period in question and no federal employees were involved in the alleged conduct. (Dkt. 16.) The Court recommends **CONSTRUING** the motion as one arising under Federal Rule 12(b)(1), **GRANTING** the unopposed motion to dismiss (Dkt. 16), and **DISMISSING** this matter with prejudice because the uncontroverted facts show that Mr. Abukar was in King County Jail during the period in question, no federal employees were involved, and there is no federal subject matter

REPORT AND RECOMMENDATION- 1

jurisdiction over this FTCA action.

## I. DISCUSSION

In his complaint, Mr. Abukar alleged that the United States was liable under the FTCA for negligent medical treatment that he received while in federal custody but detained in King County Jail from August 1, 2011, until October 4, 2011. (Dkt. 9, at 3.) Although the Court ordered service of the Complaint, it invited a dispositive motion because it appeared that no federal employees were involved in the alleged conduct given that the public record suggested that Mr. Abukar was not in federal custody at all during the relevant period. (Dkt. 10, at 1–3.) In its Rule 12(b)(6) motion, the government has confirmed that Mr. Abukar has never been in the care or custody of the United States Bureau of Prisons. (Dkt. 17.) Although Mr. Abukar is subject to a federal hold, he has never been in federal custody and no federal employee was involved in the conduct alleged in the complaint. (Dkt. 16, at 1.)

The Court construes the government's motion as arising under Rule 12(b)(1), rather than under Rule 12(b)(6), because it asserts lack of subject matter jurisdiction and presents material outside of the pleadings. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Under Federal Rule 12(b)(1), once a defendant presents evidence that there is a lack of subject matter jurisdiction, the plaintiff has the burden to present affidavits or any other evidence necessary to establish that jurisdiction actually exists. *Id.* Mr. Abukar has failed to oppose the government's motion to dismiss and has failed to suggest how this Court retains jurisdiction over an FTCA action in the absence of any conduct undertaken by federal employees. *See* 28 U.S.C. § 2671. This Court lacks jurisdiction over this FTCA action for negligent medical treatment at the hands of King County Jail employees.[1]

---

[1] Although Mr. Abukar has explicitly stated that his civil action is brought against the United

## II. CONCLUSION

The Court recommends **CONSTRUING** the motion as one arising under Federal Rule 12(b)(1), **GRANTING** the unopposed motion to dismiss (Dkt. 16), and **DISMISSING** this matter with prejudice because the uncontroverted facts show that Mr. Abukar was in King County Jail during the period in question, no federal employees were involved, and there is no federal subject matter jurisdiction over this FTCA action. A proposed order is attached.

Any objections to this Recommendation must be filed and served upon all parties no later than **May 2, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **May 4, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 11th day of April, 2012.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

States pursuant to the FTCA (Dkt. 9, at 3), to the extent this action is brought pursuant to 42 U.S.C. § 1983 (due to his use of the § 1983 form), he has not stated a claim upon which relief may be granted against a cognizable defendant. The United States is not a person for § 1983 purposes and federal employees acting pursuant to federal law are not acting under the color of state law. *See Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995). Even if the complaint were amended to assert claims against named county officials, a § 1983 action would remain fatally deficient because Mr. Abukar's allegations of inadequate treatment due to negligence, inadvertence or differences in judgment between himself and medical personnel do not rise to the level of a constitutional violation. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

REPORT AND RECOMMENDATION- 3